J-S64021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD JOSEPH HALL | |
| Appellant | No. 43 MDA 2015 |

Appeal from the Judgment of Sentence of November 24, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0002627-2009

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:               **FILED DECEMBER 14, 2015**

Richard Joseph Hall appeals his November 24, 2014 judgment of sentence, which was imposed after Hall's probation was revoked.  Hall's counsel has filed with this Court a petition to withdraw as counsel, together with an ***Anders*** brief.[1]  We find that Hall's counsel has satisfied the ***Anders***/***Santiago*** requirements and that Hall has no non-frivolous issues to pursue on appeal.  Consequently, we grant counsel's petition to withdraw as counsel, and we affirm Hall's judgment of sentence.

---

[*]     Former Justice specially assigned to the Superior Court.

[1]     ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), *abrogated in part by* ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

Initially, Hall pleaded guilty to burglary.[2]  On May 24, 2010, the trial court sentenced Hall to twelve months to twenty-four months' imprisonment, plus three consecutive years of probation.  Once Hall was credited for time served, his calculated minimum release date was December 10, 2010.  His maximum release date was December 10, 2011.  As part of his sentence, Hall also was to complete a drug and alcohol treatment program, and follow all rules and regulations.

Hall subsequently was paroled on May 5, 2011.  On December 20, 2011, Hall reached his maximum date with state parole and began serving his three-year special probation sentence.  Among the conditions of his special probation was that he was to live at a specified and approved residence and that he must avoid drugs and alcohol.

On December 16, 2013, Hall failed a breathalyzer test administered by his probation officer.  Again on January 9, 2014, Hall failed a breathalyzer test and , this time, admitted to consuming alcohol.  He was arrested and taken to Luzerne County Prison.  Hall waived his **Gagnon I** preliminary revocation hearing.[3]  At his **Gagnon II** revocation hearing, the trial court revoked Hall's special probation and resentenced Hall to county probation for

---

[2]    18 Pa.C.S. § 3502(a).  The Commonwealth withdrew Hall's lesser charges of theft by unlawful taking, 18 Pa.C.S. § 3921, and criminal mischief, 18 Pa.C.S. § 3304, pursuant to a plea agreement.

[3]    **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

the remainder of his supervision term. He was ordered to report for a drug and alcohol evaluation, complete the treatment, and follow all recommendations for aftercare. In addition, Hall was to report for a Secure Continuous Remote Alcohol Monitor ["SCRAM"] bracelet to be worn at all times.

On March 10, 2014, a bench warrant was issued for Hall for his failure to appear at a scheduled hearing. On June 12, 2014, Hall was in custody and present for his hearing. The trial court ordered Hall to be released, pending the verification of his new address. He was ordered to continue to comply with his alcohol and drug treatment. Because he had not yet done so, he also was ordered to report to the probation office immediately upon release to be fitted for his SCRAM bracelet.

On July 23, 2014, another arrest warrant was issued for Hall because he failed to appear for a revocation hearing after Hall's probation officer reported him for two technical violations. Hall apparently violated the condition that he reside at an approved residence and failed to get his SCRAM bracelet.

On October 30, 2014, at a probation revocation hearing, Hall admitted that he was not living at his approved residence. Notes of Testimony ("N.T."), 10/30/2014, at 5. The court found that he had violated that condition of his probation. The court reserved ruling on the second violation of his failure to appear for his SCRAM bracelet, pursuant to Hall's allegations that he had paperwork indicating that he could not be fitted for the bracelet

until he paid $300. *Id.* at 6-7. A hearing was scheduled for November 24, 2014 to determine whether Hall violated the condition of the SCRAM bracelet. The trial court also requested an updated pre-sentence investigation ("PSI") report at this time. *Id.* at 8.

On November 24, 2014, after hearing testimony regarding the SCRAM bracelet, the trial court found that Hall had violated that condition of his probation as well. The court then resentenced Hall on his burglary conviction. The judge stated that the standard sentencing guideline range for Hall's charge, with a prior record score of five and an offense gravity score of six, was twenty-one to twenty-seven months. N.T., 11/24/2014, at 7. The court observed that Hall initially was sentenced to a term in the mitigated range. *Id.* at 7. The trial court noted that a state facility would be the best place for Hall to receive the rehabilitation that he needed. *Id.* at 9. The trial court then sentenced Hall to twelve to thirty-six months in a state correctional institution. Hall was given credit for his time served and was ordered to submit to a drug and alcohol assessment. *Id.* at 10.

On December 19, 2014, Hall filed a notice of appeal. The trial court ordered Hall to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 15, 2015, counsel for Hall timely complied. In his 1925(b) statement, counsel for Hall indicated that he had reviewed the record, concluded that there were no non-frivolous issues to pursue on appeal, and gave notice of his intent to file an *Anders* brief. On January 20, 2015, the court filed a Pa.R.A.P. 1925(a) statement.

As noted, Hall's counsel has filed an **Anders** brief and a motion to withdraw as counsel. Counsel for Hall has identified one issue that arguably supports Hall's appeal, but he ultimately concludes that the issue has no discernible merit. Counsel sets forth that issue as follows: "Whether the sentence imposed by the Trial Court [is] harsh and excessive?" **Anders** Brief for Hall at 1.

Because counsel for Hall proceeds pursuant to **Anders** and **Santiago**, this Court first must pass upon counsel's petition to withdraw before reviewing the merits of the issue presented by Hall. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel pursuant to **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must provide the following information:

(1) a summary of the procedural history and facts, with citations to the record;

(2) reference to anything in the record that counsel believes arguably supports the appeal;

(3) counsel's conclusion that the appeal is frivolous; and

(4) counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his rights to

"(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007); **see also Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010). Finally, to facilitate our review of counsel's satisfaction of his obligations, counsel must attach to his petition to withdraw the letter that he transmitted to his client. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

Our review of counsel's petition to withdraw and the accompanying brief demonstrates that counsel has satisfied the **Anders** requirements. Counsel has provided procedural and factual histories of this case, detailing the facts and events relevant to this appeal with appropriate citations to the record. **Anders** Brief for Hall at 2-4. Counsel also has articulated Hall's position and has analyzed the issue in light of the record with appropriate citations to the record and case law. **Id.** at 5-7. Ultimately, counsel has concluded that Hall has no non-frivolous bases for challenging his sentence. **Id.** at 7.

Counsel also sent Hall a letter informing him that he has identified no non-frivolous issues to pursue on appeal, that he has filed an application to withdraw from Hall's representation, and that Hall may find new counsel or proceed *pro se*. Counsel has attached the letter to his petition to withdraw, as required by **Millisock**. **See** Petition to Withdraw as Counsel, 8/6/2015.

- 6 -

Accordingly, counsel has complied substantially with **Santiago's** technical requirements. **See Millisock**, 873 A.2d at 751. Hall has not filed a response with this Court to counsel's **Anders** Brief, the letter that counsel sent to him, or the motion to withdraw as counsel.

We now must conduct an independent review of the record to determine whether this appeal is, as counsel claims, wholly frivolous, or if any non-frivolous issues may remain. **Santiago**, 978 A.2d at 354 ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw[.]") (quoting **Anders**, 386 U.S. at 744).

We begin with the issue identified by counsel, whether the trial court abused its discretion by imposing a sentence within the guidelines when resentencing Hall. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. **Commonwealth v. Hoch**, 936 A.2d 515, 517 (Pa. Super. 2007). An abuse of discretion is not merely an error of judgment. Rather, the appellant must establish "that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Id.** at 518.

Additionally, the right to challenge the discretionary aspects of sentencing is not absolute. **Commonwealth v. Moury**, 992 A.2d 162, 169 (Pa. Super. 2010).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* at 170 (internal citations omitted).

Hall has complied with the first part of the test by filing a timely notice of appeal. However, Hall has not filed a post-sentence motion. "[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion." *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008); *see also Commonwealth v. Colon*, 102 A.3d 1033 (Pa. Super. 2014). Because Hall did not object during the revocation hearing or file a post-sentence motion, he has waived this issue. *See* Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super 2003). Likewise, an issue that is waived is frivolous. *See Kalichak*, 943 A.2d at 291 (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

We have conducted an independent review of the record and conclude that counsel's characterization and analysis of the record are accurate, and that there are no non-frivolous challenges to Hall's judgment of sentence. Moreover, our review has revealed no other non-frivolous issues that merit consideration.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015